## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

ISRAEL MILLS,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )          CIVIL ACTION NO. 5:08-0260
                                       )
EAST GULF COAL PREPARATION             )
COMPANY, LLC, *et al.*,                )
                                       )
                    Defendants.        )

### MEMORANDUM OPINION AND ORDER

The following Motions are pending: (1) Defendants' Motion to Compel Discovery filed on March 5,

2009 (Document No. 39.); (2) Plaintiff's Motion to Compel Discovery filed on March 6, 2009 (Document

No. 41.); and (3) Plaintiff's Motion to Compel Answers and Responses to Plaintiff's Second Set of

Interrogatories and Third Requests for Production of Documents to Defendants filed on March 16, 2009

(Document No. 44.). Having examined the record, the Court hereby denies Defendants' Motion to Compel

Discovery (Document No. 39.) and grants Plaintiff's Motion to Compel Discovery (Document No. 41.) and

Motion to Compel Answers and Responses to Plaintiff's Second Set of Interrogatories and Third Requests

for Production of Documents (Document No. 44.).

### THE PARTIES' CLAIMS AND DEFENSES

Plaintiff filed his Complaint on April 17, 2008, alleging that he began working as an electrician and

thermal dryer operator for Defendants at the East Gulf Preparation Plant on February 20, 2006. (Document

No. 1, ¶ 11.)[1] Plaintiff was an inactive member of the United States Air Force reserves when he began

working for Defendants and joined the Army National Guard in late October, 2006. (Id., ¶¶ 12 and 13.)

Plaintiff broke his arm in mid-November, 2006, and was on unpaid medical leave from work until January 21,

---

[1] Plaintiff alleges that "the operations of the defendants are so thoroughly integrated that defendants, Pocahontas, East Gulf Coal and East Gulf Coast are the alter ego of defendant United." (Document No. 1, ¶ 8.) Defendants answered that "[t]he averments set forth in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny those averments." (Document No. 6, ¶ 7.)

2007. On that day, Plaintiff informed Defendants that he was required to attend Army National Guard drills one weekend of each month. (Id., ¶ 17.) Plaintiff alleges that "[t]he defendants treated the plaintiff differently after he joined the Army National Guard." Specifically, Plaintiff alleges that his supervisors commented that he would miss work because of his service with the Army National Guard and they would have to replace him. (Id., ¶ 18.) Defendants laid Plaintiff off in mid-April, 2007, indicating lack of work. (Id., ¶¶ 19 and 20.) In mid-August, 2007, Plaintiff contends, Defendants advertised the position he had with Defendants as open, did not hire him when he applied and filled the position with someone who was not a reservist. Plaintiff asserts that Defendants acted with the intention of causing Plaintiff emotional distress (Id., ¶ 35.) and violated his rights under the United Services Employment and Reemployment Act of 1994 [USERRA], 38 U.S.C. §§ 4311 and 4323 (Id., ¶¶ 37 - 40.) and "a substantial public policy" (Id., ¶ 42.). Plaintiff seeks the range of damages available under 38 U.S.C. § 4323(d).

Defendants filed an Answer to Plaintiff's Complaint on May 22, 2008, essentially denying Plaintiff's allegations and asserting, among other things, in defense that they acted on the basis of reasonable, legitimate and non-discriminatory considerations with respect to Plaintiff's employment. (Document No. 6.)[2]

## THE COURSE OF WRITTEN DISCOVERY

Plaintiff served his First Set of Interrogatories and Request for Production of Documents upon Defendants on July 1, 2008. (Document No. 13.) Defendants served their First Set of Interrogatories and Request for Production of Documents upon Plaintiff on July 24, 2008. (Document Nos. 15 and 16.) It appears that Defendants responded to Plaintiff's First Set of Interrogatories and Request for Production on August 22, 2008. Plaintiff answered Defendants' First Set of Interrogatories and Request for Production of Documents

---

[2] By Scheduling Order filed on August 6, 2008, the Court required that all discovery requests be completed by December 26, 2008, and all depositions taken by February 9, 2009. (Document No. 20.) On January 7, 2009, the parties jointly requested an extension of time to complete discovery to March 6, 2009. (Document No. 24.) The Court amended its Scheduling Order to require that all discovery requests be completed by February 6, 2009, and all depositions taken by March 6, 2009. (Document No. 25.) On March 17, 2009, Plaintiff filed a Motion to Continue Trial. (Document No. 46.) The Court filed a Second Amended Scheduling Order granting Plaintiff's Motion and requiring that all discovery requests be completed by April 22, 2009, and all depositions taken by June 5, 2009. (Document No. 52.)

on September 15, 2008. (Document No. 23.) On January 23, 2009, Plaintiff provided supplemental responses to Defendants First Request of Production of Documents and served his Second Request for Production of Documents upon Defendants. (Document Nos. 29 and 30.) Defendants responded to Plaintiff's Second Request for Production of Documents on January 27, 2009. (Document No. 33.) Plaintiff served his Second Set of Interrogatories and Third Request for Production of Documents upon Defendants on February 6, 2009. (Document No. 35.) Defendants served their Second Set of Interrogatories and Request for Production of Documents upon Plaintiff on February 9, 2009. (Document Nos. 36 and 37.) By letter dated February 25, 2009, Defendants' counsel, Mr. Mark Goldner, provided informal supplemental responses to Interrogatory Nos. 9, 10, 12, 14, 15, 16, 17 and 18 and Request Nos. 10, 12, 13, 15,16, 18 and 20 of Plaintiff's First Set of Interrogatories and Request for Production of Documents. (Document No. 51, Exhibit D.) Plaintiff answered Defendants' Second Set of Interrogatories and Request for Production of Documents on March 13, 2009. (Document No. 43.) Plaintiff served a Fourth Request for Production of Documents upon Defendants on April 22, 2009 (Document No. 58.), and Defendants responded on May 21, 2009. (Document No. 59.) Plaintiff has moved to compel Defendants' further response to his Fourth Request for Production of Documents. (Document No. 63.) At Plaintiff's request, the Court has held his Motion to Compel in abeyance while the parties attempt to resolve the dispute. (Document Nos. 65 and 66.)

## <u>LEGAL BACKGROUND</u>

38 U.S.C. § 4311 provides as follows:

(a)     A person who is a member of, applies to be a member of, performs, has performed, applied to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, performance of service, application for service, or obligation.

* * *

(c)     An employer shall be considered to have engaged in actions prohibited –

(1)     under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the

absence of such membership, application for membership, service, application for service, or obligation for service[.]

"An employee proceeding under § 4311 has the burden of proving that the employer discriminated against him or her based on a status or activity protected under USERRA." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 303 (4th Cir. 2006). "If the employee establishes that his military status was a motivating factor in the employer's decision, USERRA then shifts the burden of proof to the employer, allowing the employer to avoid liability only if 'the employer can prove that the action would have been taken in the absence of' the employee's military status." Hill v. Michelin North America, Inc., 252 F.3d 307, 312 (4th Cir. 2001). A plaintiff's military service need not be the only reason for the employment action under scrutiny. Rather, a plaintiff must only demonstrate that it was one of perhaps several reasons for the action. Coffman v. Chugach Support Services, Inc., 411 F.3d 1231, 1238 - 12339 (11th Cir. 2005). "Circumstantial evidence will often be a factor in these cases, for discrimination is seldom open and notorious. Discriminatory motivation under the USERRA may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reasons and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." Sheehan v. Department of Navy, 240 F.3d 1009, 1014 (Fed.Cir. 2001).

38 U.S.C. § 4323(d) establishes the remedies available to persons who prove violations of USERRA including compensation for any loss of wages or benefits resulting from the violation, damages for the willful violation of USERRA, reasonable attorney fees, expert witness fees and other litigation expenses.

### THE PARTIES' MOTIONS

1.      **Defendants' Motion to Compel Discovery (Document No. 39.).**[3]

By their Motion to Compel Discovery filed on March 5, 2009, Defendants request that the Court

---

[3] Defendants have stated that they intend to withdraw this Motion. (Document No. 51, p. 3, fn. 1.) To date they have not done so.

require Plaintiff to comply with Request No. 9 of their Second Request for Production of Documents.[4] Request No. 9 in Defendants' Second Request for Production of Documents, requested that Plaintiff "[p]lease complete, sign and return the attached *Authorization for Release of West Virginia National Guard Records*." (Document No. 39, Exhibit 1, Request No. 9.) The Authorization stated as follows:

> I, Israel Mills, hereby authorize the release of any and all records possessed by the West Virginia National Guard, and any of its units, pertaining to my enlistment and service in the West Virginia National Guard, including without limitation, all personnel, pay, discipline, and administrative records . . . .

It appears that Plaintiff objected to the request stating that it "seeks information not relevant to Plaintiff's claims or defenses and is not calculated to lead to the discovery of admissible evidence. More specifically, the Plaintiff submits that the status of the Plaintiff as a member of the National Guard after the employer laid the Plaintiff off and made its decision not to re-hire the Plaintiff is irrelevant." (Document No. 47, ¶ 4.) Plaintiff states further as follows (Id., ¶ 5.):

> This is an employment discrimination case. The Plaintiff has alleged that the defendants discriminated against him on the basis of his membership in the armed services. The issue is the Defendants' state of mind at the time they made the decision to lay the plaintiff off and not recall and/or re-hire him. In this case the Defendants have claimed that they made these decisions at the time of the layoff itself and/or when they received the Plaintiff's application for employment in August or early September, 2007. Thereafter, the Defendants claim they did not reconsider the Plaintiff's application for any positions which became available. Thus, the Plaintiff's status as a member of the West Virginia National Guard after the time period in which the Defendants made their decision not to consider the Plaintiff for employment is not relevant.

Plaintiff would therefore not provide the Authorization as Defendants submitted it and submitted a release of all of his records from the West Virginia National Guard for the period of time from October 1, 2006, through September 1, 2007. (Id., ¶ 4.)

Defendants contend that "Plaintiff's limitation on the records he will authorize to be released to Defendants is arbitrary and without foundation, and is calculated to preclude Defendants from discovering

---

[4] While it is evident in Defendants' Motion that Plaintiff's and Defendants' counsel had a telephonic discussion respecting the period of time which should be covered by an Authorization for Release of Plaintiff's National Guard records, Defendants' Motion does not contain a certification as required under Rule 37(a)(1).

relevant and discoverable information as to liability and/or damages in this USERRA case."[5] (Document No. 39, ¶ 5.)

**2.      Plaintiff's Motion to Compel Discovery (Document No. 41.).**

By his Motion to Compel Discovery[6] filed on March 6, 2009, Plaintiff requests that the Court require Defendants to provide more complete responses to Interrogatory Nos. 9, 10, 14, 15, 18 and 19 and Request Nos. 10, 12, 13, 15, 16, 18, 20, 23, 24, 25 and 26 of Plaintiff's First Set of Interrogatories and Request for Production of Documents. (Document No. 41.) The Interrogatories request that the Defendants provide information as follows:

> 9.      The name, address and telephone number of all persons whom the Defendants hired from November 1, 2006, and the present and whether they were members of the uniformed services.
>
> 10.     Jobs which became available at Defendants' mine where Plaintiff worked from November 1, 2006, to the present; who was hired to fill the positions; and whether they were members of the uniformed services.
>
> 14.     The names, addresses and telephone numbers of all persons who applied for the preparation plant electrician position advertised for August 19, 2008.
>
> 15.     The names, addresses and telephone number of the person hired to fill the preparation plant electrician position advertised for August 19, 2008.
>
> 18.     Complaints that Defendants had discriminated against persons who were members of the uniformed services.
>
> 19.     The names, addresses and telephone numbers of Defendants' employees who are members of the uniformed services, when they were hired, the positions they held, when they became members of the uniformed services and what Defendants did to accommodate their service.

The Requests for Production request information as follows:

> 10.     Production records for all shifts from January 1, 2006, to the present.
>
> 12.     Applications received and/or considered for the preparation plant electrician position

---

[5] It is evident that Defendants have obtained information respecting Plaintiffs' military service for some period beyond September 1, 2007, which Plaintiff proposed through Plaintiff's answers to Defendants' written discovery. *See* Document No. 51, p. 6, fn. 4 ("To the extent Plaintiff may argue the term of his service in the West Virginia National Guard bears on the relevant time period for discovery, this Court should note that Plaintiff ceased drilling with the National Guard in August, 2007, less than a year after he enlisted, and submitted a letter to the National Guard in March, 2008, requesting he be transferred to the inactive reserve due to a worsening medical condition, degenerative joint disease, and 'recent financial strains.'")

[6] Plaintiff's Motion includes a section entitled "Attempts at Non-Judicial Resolution" in conformity with the certification requirement of Rule 37(a)(1). (Document No. 41, p. 16.)

6

advertised for August 19, 2008.

13.    All documents relating to notices of job openings from November, 2006, to the present provided to Job Services or newspapers.

15.    Documents pertaining to complaints that Defendants discriminated against persons because they were members or participants in the uniformed services.

16.    Documents pertaining to interviews and decisions whether to hire persons to fill the preparation plant electrician position as advertised for August 19, 2008.

18.    Applications and resumes of persons hired to fill the thermal dryer operator and/or preparation plant electrician position from November 1, 2006, to the present.

20.    The complete personnel file of each person hired to fill the thermal dryer operator and/or preparation plant electrician position from November 1, 2006, to the present.

23.    Defendants' financial statements for the last three years including 2005, 2006 and 2007.

24.    Defendants' balance sheets for the last three years including 2005, 2006 and 2007.

25.    Defendants' profit and loss statements and tax returns for the last three years including 2005, 2006 and 2007.

26.    Documents evidencing borrowing restrictions or debt covenants with creditors produced over the last three years including 2005, 2006 and 2007.

The record indicates that Plaintiff served his First Set of Interrogatories and Request for Production upon

Defendants on July 1, 2008. Defendants responded on August 22, 2008, stating as follows with respect to

Interrogatory Nos. 9 and 10:

> Objection. Interrogatory No. _____ is vague, overly broad, unduly burdensome, seeks information not relevant to Plaintiff's claims or Defendants' defenses and is not reasonably calculated to lead to the discovery of admissible evidence.

Respecting Interrogatory Nos. 14 and 15, Defendants responded:

> Objection. Interrogatory No. _ is overly broad, unduly burdensome, seeks information not relevant to Plaintiff's claims or Defendants' defenses, is not reasonably calculated to lead to the discovery of admissible evidence and seeks personal and confidential information that would breach the privacy rights of non-parties.

Respecting Interrogatory No. 18, Defendants responded:

> Interrogatory No. 18 is overly broad, unduly burdensome, seeks information not relevant to Plaintiff's claims or Defendants' defenses and is not reasonably calculated to lead to the discovery of admissible evidence.

Respecting Interrogatory No. 19, Defendants responded:

> Interrogatory No. 18 is overly broad, unduly burdensome, seeks information not relevant to Plaintiff's claims or Defendants' defenses and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, to the knowledge of Plaintiff's former employer, Defendant East Gulf Coal Preparation Plant Company, LLC, there are no employees of Defendant East Gulf Coal Preparation Plant Company LLC who are members of the Uniformed Services.

Defendants responded as follows to Plaintiff's Request for Production Nos. 10,12, 13,15, 16, 23, 24, 25 and 26:

> Objection. Request for Production of Documents No. _____ is overly broad, unduly burdensome, seeks information not relevant to Plaintiff's claims or Defendants' defenses and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants stated the same response with respect to Request Nos. 18 and 20 and added "and seeks personal and confidential information that would breach the privacy rights of non-parties." at the end of the sentence. By letter dated February 25, 2009, Defendants' counsel, Mr. Mark Goldner, provided informal supplemental responses to Interrogatory Nos. 9, 10, 12, 14, 15, 16, 17 and 18 and Request Nos. 10, 12, 13, 15, 16, 18 and 20 of Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (Document No. 51, Exhibit D.)

In his Motion to Compel (Document No. 41.), Plaintiff indicates basically that the focus of most of his inquiries in written discovery is upon Defendants' contention in defense of his claims that he was laid off due to lack of work, complains about "the extremely general nature" of the Defendants' objections and indicates that Defendants' responses significantly restrict or limit him in determining whether Defendants' contention has any merit. Plaintiff further complains that to the extent Defendants provided responses, they did so only with respect to East Gulf Coal and not with respect to the other Defendants. Plaintiff requests an award of the costs incurred in seeking to compel Defendants' responses to his discovery including his attorney's fees.

Defendants filed their Response on March 23, 2009.[7] (Document No. 51.) Defendants claim that Plaintiff's Motion to Compel must be denied because it was filed on March 6, 2009, the date by which the parties were to have completed all discovery under the District Court's August 6, 2008, Scheduling Order as amended (Document Nos. 20 and 25.) leaving Defendants no time to respond and more than six months after Plaintiff received Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendants point out that the Court's August 6, 2008, Scheduling Order

---

[7] The Court notes that Defendants cite no authority in support of their positions in responding to Plaintiff's Motions to Compel.

(Document No. 20.) stated that "all objections, motions to compel, and other motions and replies relating to discovery in this action must be filed in time for the parties objecting or responding to have opportunity under the Federal Rules of Civil Procedure to make responses by the discovery completion date." Defendants further assert that if the Court will consider Plaintiff's Motion, their objections are appropriate first because Plaintiff's discovery is "predicated upon the bald assertion that Defendants are corporate alter egos with interrelated operations that entail the free movement of personnel among the various operations. Plaintiff cites no factual evidence obtained in discovery to support this assertion, and indeed, Plaintiff has made no attempt in discovery to confirm this assertion." (Document No. 51, p. 4.) Defendants nevertheless acknowledge that a former Preparation Plant Superintendent and a Human Resources Manager have testified that "two electricians who were laid off at a mining operation of another United Coal subsidiary were 'parked' at the Prep Plant for a week to ten days until jobs could be found for them." (Id., p. 4, fn. 2.) This evidence, Defendants urge, is insufficient to support Plaintiff's contention that Defendants are integrated or interrelated such that they often reassign and transfer their employees among their various operations including the East Gulf Coal Preparation Plant. (Id., p. 5.) Second, Defendants contend that their objections are appropriate because Plaintiff requests information before and after the relevant time period which Defendants assert is from October 31, 2006, when Plaintiff joined the National Guard, though December, 2007, when Plaintiff obtained employment with another coal company. (Id., pp. 6 - 7.) Defendants assert that the only one of them which should respond to Plaintiff's discovery is East Gulf Coal by providing information for that period of time and only with respect to the positions which Plaintiff held, electrician and thermal dryer operator. Defendants further complain that the requests for persons' telephone numbers require "an unwarranted disclosure of private information of individuals not involved in this litigation." (Id., p. 8.)

Plaintiff filed a Reply to Defendants' Opposition to his Motion to Compel on April 1, 2009. (Document No. 54.) In response to Defendants' contention that his Motion to Compel is untimely, Plaintiff asserts that while the Court's August 6, 2008, Scheduling Order (Document No. 20.) contained language requiring that motions to compel must be filed early enough for responses to be made by the date established for the completion of discovery, the Court's January 12, 2009, Amended Scheduling Order (Document No.

24.) does not contain that language. Plaintiff urges that if that language were read into the Amended Scheduling Order, there would have been very little, if any, time to raise a discovery dispute and make a response before the date set for the completion of discovery therein. Plaintiff further points out that the Court has filed a Second Amended Scheduling Order (Document No. 52.) establishing June 5, 2009, as the date for the completion of discovery assuming that the Court did so "at least in part, to give the Court the opportunity to review and consider the discovery requests at issue in the Plaintiff's Motion to Compel on the merits." (Document No. 54, p. 4.) Respecting Defendants' assertion that their objections to Plaintiff's discovery requests are appropriate because Plaintiff has not shown that Defendants are interrelated, Plaintiff argues that (1) Defendants have made boilerplate objections which are insufficient under the Rules of Civil Procedure; their response to Plaintiff's Motion to Compel may not be read together with their objections to constitute more specific responses to Plaintiff's discovery requests; and they have waived their right to object to Plaintiff's discovery requests (Id., pp. 4 - 5.); (2) "Defendants' assertion is wrong because it misunderstands the nature of discovery. The entire purpose of discovery is to allow parties to gather information, particularly information which, as here, is in the exclusive control of the other party." (Id., p. 5.); (3) The information which Plaintiff requests is relevant in any event as it pertains to Defendants' defense that Plaintiff was laid off due to a lack of work and not terminated due to his activities as a reservist (Id., pp. 5 - 9.); and (4) Plaintiff's requests for information respecting the production of coal, positions which came open and Defendants' advertising and filling of them, for the period from January 1, 2006, until August, 2008, are appropriate because that period covers the entire period while Plaintiff was an employee of Defendants or had an application for a position advertised as open under consideration (Id., pp. 9 - 14.).

> **3.    Plaintiff's Motion to Compel Answers and Responses to his Second Set of Interrogatories and Third Request for Production of Documents (Document No. 44.).**

By his Motion[8] filed on March 16, 2009, Plaintiff requests that the Court require Defendants to provide full and complete responses to Interrogatory Nos. 1, 2 and 3 of his Second Set of Interrogatories and

---

[8] Plaintiff's Motion includes a section entitled "Attempts at Judicial [sic] Resolution" in conformity with the certification requirement of Rule 37(a)(1). (Document No. 44, pp. 23 - 24.)

Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32 and 33 of his Third Request for Production of Documents. Defendants filed their Response to Plaintiff's Second Motion to Compel Discovery on April 6, 2009. (Document No. 56.) Plaintiff filed a Reply to Defendants' Response on April 14, 2009. (Document No. 57.)

The Interrogatories request that the Defendants provide information as follows:

1. The name, address, telephone number, social security number[9] and position held respecting each person who worked in the position of dryer operator or dryer attendant from April 17, 2007, through July 31, 2008, at the East Gulf Preparation Plant and whether they worked for East Gulf Coal Preparation, LLC, North Star One, LLC, or Pocahontas Coal Company, LLC, including its several operations.

2. The name, address, telephone number, social security number and position held respecting each person who worked in the position of plant technician and/or electrician from April 17, 2007, through July 31, 2008, at the East Gulf Preparation Plant and whether they worked for East Gulf Coal Preparation, LLC, North Star One, LLC, or Pocahontas Coal Company, LLC, including its several operations and the dates when they began and left the position.

3. The name, address, telephone number, social security number and position held for each person who was transferred, reassigned, or given different duties as a result of a realignment or work force increase or decrease at any of Defendants' operations during 2006, 2007 and 2008.

The Request for Production requests information as follows:

1. West Virginia Contributions Report Forms WVUC-A154 submitted to Workforce West Virginia Unemployment Compensation Division from January 1, 2006 through July 31, 2008.

2. Payroll reports for each pay period from January 1, 2006 through July 31, 2008.

3. Documents indicating personal leave time taken from January 1, 2006 through July 31, 2008 for each employee working at East Gulf Coal Preparation, LLC.

4. Documents indicating every time an employee left work early, came to work late or took off during work from January 1, 2006 through July 31, 2008 for East Gulf Coal Preparation, LLC.

5. Documents indicating disciplinary action taken against employees of East Gulf Coal Preparation, LLC who took personal leave time.

6. Documents setting forth the contractual relationship between East Gulf Coal Preparation, LLC other companies.

7-10. Documents indicating whether or not Pocahontas Coal Company, LLC, North Star One, LLC, United Coal Company, LLC, and United Support Services, LLC, made any reduction in gross revenue for work done by their employees for the benefit of East Gulf Coal Preparation, LLC.

11. Monthly statements indicating the man ours worked at the East Gulf Coal Preparation plant from January 1, 2006 through July 31, 2008.

_____

[9] The Court cannot imagine how persons' social security numbers might be relevant to the parties' claims or defenses.

11

12-14. The personnel files of three named employees at East Gulf.

16. Documents relating to the notice of availability and requirements of job openings at Defendants' operations for East Gulf Coal Preparation, LLC, North Star One LLC, and or Pocahontas Coal Company, LLC from January 1, 2006, to July 31, 2008.

17. The same documents as in Interrogatory No. 16 for the same companies and including additionally United Support Services, LLC and United Coal Company, LLC from April 7, 2007 to July 31, 2008.

20-21. The personnel files of two employees at East Gulf.

22. Personnel files of electricians from the North Star mine who worked at the East Gulf prep plant and/or other mines in 2007 and/or 2008.

23. Personnel files of persons employed by East Gulf Coal Preparation, North Star One, LLC, Pocahontas Coal Company, LLC, or United Coal Company, LLC, who worked at the physical location of the East Gulf Preparation plant from April 17, 2007 to July 31, 2008.

24. Personnel file of a person who worked at East Gulf Coal Preparation, LLC, in 2007.

25. Personnel files of mobile equipment operators hired in 2007 or 2008 at East Gulf Coal Preparation Company, LLC.

26. Personnel files of all persons hired by East Gulf Coal Preparation, LLC, from April 17, 2007 through July 31, 2008.

27. Interview documentation and/or interview notes for all persons hired from April 17, 2008, through July 31, 2008.

28. Payroll documents indicating whether Defendants paid Plaintiff the difference between what he was paid by the National Guard when he attended training weekends and what he would have earned if he would have worked at East Gulf on those weekends from November 1, 2006, through April 17, 2007.

29. Documents setting work schedules for employees at East Gulf Coal Preparation Company, LLC, from January 1, 2006, through July 31, 2008.

30. The same documents for employees at North Star One, LLC, and Pocahontas Coal Company, LLC.

32. Documents indicating where the employee(s) who operated or attended to the thermal dryer at the East Gulf preparation plant were placed when the decanter became fully operable.

33. Documents describing realignment, work force increase, work force decrease, reduction in force, etc., at Defendants' operations during 2006, 2007 and 2008.

Plaintiff complains that Defendants responded in boilerplate form to most of the Interrogatories and Requests for Production of Documents by objecting and stating that the Interrogatory or Request was "overly broad, unduly burdensome, seeks information not relevant to Plaintiff's claims or Defendants' defenses and is not calculated to lead to the discovery of admissible evidence." To the extent that Defendants' provided answers, Plaintiff asserts that Defendants' answers were not complete or responsive. Plaintiff complains that the Interrogatories and Requests for Production of Documents were not answered by "all of the Defendants and the family of companies they comprise." Thus, Plaintiff states that Defendants provided "a trickle of

information giving a tiny fraction of the information requested." Plaintiff asserts that the information requested is relevant to Defendants' claim in defense that Plaintiff was not discharged but was laid off for lack of work in conjunction with a realignment/reduction in force. Plaintiff also indicates that the information requested is relevant to his claim that the Defendants are integrated or interrelated and Defendants freely transferred, loaned or assigned their employees to work at their different operations.

It appears that in response to Interrogatory No. 1 Defendants stated the objection and then provided the names of three employees of East Gulf Coal Preparation Company who had the job title of thermal dryer operator during the period from April 7, 2007, through July 31, 2008. In response to Interrogatory No. 2., Defendants stated the objection and then stated that they were unable to answer the Interrogatory as written but provided the names of employees of East Gulf Coal Preparation Company who had the job title plant technician and/or electrician during the period from April 17, 2007, through July 31, 2008. In response to Interrogatory No. 3, Defendants stated the objection without more. Respecting the Request for Production of Documents, it appears that Defendants stated the objection without more to Request Nos. 1 through 10, 16, 17, 22, 23, 25 through 30 and 33. In responding to Request Nos. 12, 13, 14 and 20, Defendants stated the objection and added "[s]ubject to and without waiving said objections, responsive documents will be produced." In response to Request No. 21, Defendants responded that "[r]esponsive documents were produced with the supplement to Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents on February 25, 2009." In Response to Request No. 24, Defendants stated "[o]bjection. Request for Production No. 24 is so vague and ambiguous that Defendants are unable to identify objections or prepare a response to the Request." In response to Request No. 32, Defendants stated "[d]efendants cannot identify any responsive documents."

Defendants state in response to Plaintiff's Motion to Compel that "[f]irst, Plaintiff's discovery requests are predicated on the unsupported, bald and incorrect assertions that the Defendants are thoroughly integrated and are alter egos of one another, and that Defendants shift employees among their various operations. Second, the discovery requests seek information pertaining to periods of time well before and after the relevant time period." (Document No. 56, pp. 1 - 2.) More specifically, Defendants assert that Plaintiff

13

worked as an electrician and thermal dryer operator at the East Gulf Coal Preparation Plant operated by "one of the corporate affiliates he has named as defendants. Having failed to find evidence in discovery supporting his claim that he was laid off and not rehired because of his military affiliation, Plaintiff has propounded ridiculously broad and burdensome discovery requests literally seeking the identity of, and employment information for, every employee of companies with no demonstrated nexus to Plaintiff's claims except for the fact that they are corporate affiliates." (Id., p. 2.) Defendants acknowledge that two of their managers have testified that two electricians from the mining operation of an affiliated company were "parked" at the East Gulf Preparation Plant for about two months while they were in between jobs. Defendants argue that "[t]he 'parking' of two electricians at the Prep Plant does not support the great leap Plaintiff makes that the corporate affiliates moved employees among operations as a matter of course." (Id., p. 3.) Defendants further assert that "[t]he undisputed facts of this case indicate that the relevant time period for discovery should not exceed October 31, 2006, when Plaintiff joined the National Guard, through December 2007, when Plaintiff took a job with [another coal company]." Thus, Defendants contend that they provided reasonable, good faith responses to Interrogatory Nos. 1 and 2 and Interrogatory No. 3 assumes that Defendants went through a work force realignment or reduction when they have not alleged it. (Id., p. 5.) In response to Plaintiff's Motion to Compel answers to his Requests for Production of Documents, Defendants essentially maintain that their responses are appropriate incorporating their position as stated above and asserting in addition that Plaintiff requested documents pertaining to employees who are not similarly situated to Plaintiff and for time periods after Plaintiff was laid off.[10]

---

[10] Defendants attach as Exhibits to their response a copy of (A) a portion of the transcript of the deposition of Barry O'Bryan indicating that two electricians were assigned to work at the East Gulf Preparation Plant for a period of time pending assignment to other work; (B) the February 25, 2009, letter from Defendants' counsel Mark Goldner providing supplemental responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents; (C) a portion of the transcript of Plaintiff's deposition; (D) Plaintiff's Answers to Interrogatory Nos. 1, 6 and 7 of their First Set of Interrogatories and Request for Production of Documents; and (D)(1)United Coal Company's Monthly Man Hour Report for the East Gulf Preparation Plant for the period from January, 2007, through July, 2008, (2) work attendance reports for employees at East Gulf Coal Preparation Plant from January, 2006, through December, 2006, and (3) East Gulf Coal Preparation Plant time sheets for several months in 2007.

Plaintiff states in his Reply to Defendants' Response to his Motion to Compel (Document No. 57.), that in making the same generic boilerplate objection to most of the Interrogatories and Requests for Production and not answering the discovery requests or objecting with specificity in conformity with the Rules, Defendants have waived their right to object. Additionally, Plaintiff asserts that Defendants' Response to his Motion to Compel may not be considered as an amendment of their responses and regarded as providing the specificity which the Rules require and bringing their responses to his discovery requests into conformity with them. Plaintiff indicates that Defendants' assertion that their objections are proper because Plaintiff's discovery requests are based upon the incorrect assertion that Defendants are integrated or interrelated "misunderstands the nature of discovery." (Id., p. 6.) Plaintiff further indicates that a focus of his discovery has become to determine whether Defendants shared employees, not whether Defendants are integrated or interrelated, and more specifically whether Defendants assigned employees from among them to replace him after he was laid off. (Id., p. 7.) Plaintiff emphasizes as Defendants acknowledge that two electricians from one of the Defendants were "parked" at the East Gulf Coal Preparation Plant while places were found for them at Defendants' other operations and there are other known instances when Defendants shared employees. Respecting Defendants' assertion respecting the relevant time period, Plaintiff asserts that the Rules "provide litigants with the leeway that they need to develop the facts thoroughly." (Id., p. 10.) Plaintiff states that "[t]he discovery asks for information about the period from January 1, 2006, until August, 2008. This is the period from the time the Plaintiff started working at East Gulf Coal Preparation Company until one year after Plaintiff applied for a position or, more properly, a reinstatement to his old position. This period is relevant because it gives a picture of the Defendants' operation while the Plaintiff worked there and while his application to return to work there was pending." (Id., p. 11.) Plaintiff further asserts that employment and production records over that period indicate whether there actually was a lack of work which Defendants claim as the reason Plaintiff was laid off. (Id., pp. 11 - 12.)

## DISCUSSION

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as

presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point 4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).) Rule 26(g) provides as follows:

> **(1) Signature Required; Effect of Signature.** Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . .. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>> **(A)**     with respect to a disclosure, it is complete and correct as of the time it is made; and
>> **(B)**     with respect to a discovery request, response, or objection, it is:
>>
>>> **(i)**     consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>>> **(ii)**     not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>>> **(iii)**     neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

16

**(2) Failure to Sign.** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3) Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered:(A) by the party to whom they are directed; or (b) if that party is a private corporation, . . . by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

**(3) *Answering Each Interrogatory.*** Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

**(4) *Objections.*** The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

**(5) *Signature.*** The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." Vica Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536, 538 (S.D.W.Va. 2005).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

**(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

**(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc., v. Elk Run Coal

17

Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. Sabol v. Brooks, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

(A) *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (I)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)  other circumstances make an award of expenses unjust.

(B) *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.

18

But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

Defendants' Motion to Compel Plaintiff to comply with Request No. 9 of their Second Request for Production of Documents by providing an Authorization for Release of West Virginia National Guard Records (Document No. 39.) will be denied. Rule 34 permits discovery of documents "in the responding party's possession, custody, or control." The Rule does not contain any requirement that a party provide written authorization for the release of documents in the possession, custody or control of another person, entity or agency or permit the Court to order a party to provide such authorization. The Rules provide for the issuance of subpoenas to obtain relevant information in the possession, custody or control of persons, entities or agencies not parties to the proceedings. See Ayers v. Continental Cas. Co., 2007 WL 2156553, * 4 - 5 (N.D.W.Va.)(District Judge Stamp). The Court will therefore not order Plaintiff to provide the written authorization as Defendants have requested. Of course, Plaintiff should have deemed Defendants' request for written authorization to obtain the designated military records as a request for those records in his possession and provided them to the extent that they are relevant to his claims of liability and for damages. Plaintiff's claim that Defendants discriminated against him in violation of USERRA makes documents indicating that he was serving as a reservist while he worked at the East Gulf Preparation Plant and while his application for further employment was under consideration not only relevant but material.[11] Documents and other information evidencing Plaintiff's status as a reservist should have been obtained by his attorney prior to the filing of this civil action and provided to Defendants in Plaintiff's initial disclosure under Rule

---

[11] Information is material if it evidences a fact or circumstance so fundamental that a party cannot succeed upon his or her claim(s) without it.

26(a)(1)(A)(ii).[12] As noted above, it is evident that Plaintiff has provided and/or Defendants have obtained information respecting Plaintiff's military service by other means.

Plaintiff's Motion to Compel Discovery (Document No. 41.) will be granted. Defendants' responses to Plaintiff's written discovery are improper, not in conformity with the Rules and evasive. Defendants responded improperly to nearly every one of Plaintiff's Interrogatories and Requests for Production of Documents in issue by stating a general objection. To the extent that Defendants have responded to Plaintiff's discovery only in behalf of East Gulf Coal, the other Defendants have failed to respond at all. Plaintiff's written discovery was directed to each of the Defendants, and each of the Defendants were required to provide a separate response including separate verifications as the Rules require. Defendants' attorney Mr. Mark Goldner's February 25, 2009, letter providing informal supplemental responses to Interrogatory Nos. 9, 10, 12, 14, 15, 16, 17 and 18 and Request Nos. 10, 12, 13, 15,16, 18 and 20 of Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Document No. 51, Exhibit D.) is not signed by the Defendants and therefore is not in conformity with the Rules and should be stricken in accordance with Rule 26(g)(2) to the extent that it contains supplemental responses to Interrogatories. Defendants' hairsplitting assertion that Plaintiff has no proof that they are integrated or interrelated entities and therefore is not entitled to information which ultimately might indicate whether or not there was actually a lack of work for Plaintiff and that they reassign and transfer employees among their various operations to accommodate such circumstances is disingenuous and clearly evasive. Pursuant to Rule 26(a)(1)(A)(I) and (ii), each Defendant was required in the first place to disclose the names, addresses and telephone numbers of persons having discoverable information and a copy of documents in their possession, custody or control which they may use to support their defense that they acted on the basis of reasonable, legitimate and non-discriminatory

---

[12] Rule 26(a)(1)(A)(ii) requires that a party "without awaiting a discovery request, provide to the other parties: * * * (ii) a copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." While military records may not be in a Plaintiff's possession or custody, they are within his control and should have been disclosed unless he agreed to provide a release authorizing Defendants to obtain them.

considerations with respect to Plaintiff's employment. Having Defendants' disclosures, Plaintiff was entitled to inquire through written discovery respecting additional information which might indicate whether Defendants' defense has merit. It became evident during discovery that Defendants "parked" a couple of employees while they were in transition from one job to another. Information indicating whether or not this was common practice among Defendants and Plaintiff was treated differently during his employment at the preparation plant and as an applicant for further employment with Defendants due in whole or in part to his reservist activities is clearly relevant.

Respecting Defendants' assertion that Plaintiff's Motion to Compel Discovery  was untimely, the Court notes that Rule 37 does not contain any time limit for filing motions to compel. Local Rule of Civil Procedure 37.1(c) requires such motions to be filed "30 days after the discovery response or disclosure was due."[13] Though no exception to the 30-day requirement is stated explicitly in the Local Rule 37.1(c), this Court has recognized an exception when it is evident that a party has not cooperated in discovery. See Martin v. Eastern Steel Constructors, 2007 WL 951842, * 1 (S.D.W.Va. Mar. 29, 2007) (rejecting Defendant's argument that Plaintiffs' motion to compel was filed outside the thirty-day deadline because Defendant "had not bothered to respond to the motion and had otherwise not cooperated in discovery."). While Plaintiff filed his Motion to Compel Discovery  more than thirty days after Defendants responded to his First Set of Interrogatories and Request for Production of Documents, it appears that several Defendants did not respond at all and otherwise Defendants' responses were very inadequate. Additionally, the Court extended the time

---

[13] Rule 37.1(c) of the Local Rules of Civil Procedure states as follows:

> A motion to compel disclosure or discovery must be accompanied by a statement setting forth verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken.  In addition, the movant may include a statement of the grounds and pertinent authorities relied upon and shall file such a statement if requested by the court.  If the discovery request or disclosure requirement is ignored, the movant need only file a motion to compel without setting forth verbatim the discovery request or disclosure requirement.  Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order.

for the completion of discovery, and Defendants were not prejudiced by Plaintiff's failure to file his Motion to Compel Discovery within the thirty day period. Moreover, the Court's primary objective is to consider the parties' claims and defenses on their merits and in the interest of reaching the merits, the Court is generally disinclined to dismiss matters on the basis of failures to comply with non-jurisdictional time limits.

For the same reasons stated above, Plaintiff's Motion to Compel Answers and Responses to his Second Set of Interrogatories and Third Request for Production of Documents (Document No. 44.) will also be granted. Additionally, the Court finds Defendants' assertion that the relevant time period should be October 1, 2006, through December, 2007, too limited. Plaintiff is entitled to information indicating Defendants' employment and hiring practices and policies generally and specifically with respect to military reservists for a reasonable period of time before and after his employment at the preparation plant. Plaintiff alleges that he was employed in February, 2006, to work at the preparation plant, was laid off in April, 2007, and applied for further employment with Defendants in August, 2007. Plaintiff seeks information from Defendants for the period from January, 2006, through August, 2008. As Plaintiff was actually working for Defendants, was laid off with the hope of reinstatement and had an application pending for further employment with Defendants, the Court finds the period as defined by Plaintiff relevant.

It is therefore hereby **ORDERED** that Defendants' Motion to Compel Discovery (Document No. 39.) is **DENIED**, and Plaintiff's Motions to Compel Discovery (Document No. 41.) and to Compel Answers and Responses to Plaintiff's Second Set of Interrogatories and Third Requests for Production of Documents (Document No. 44.) are **GRANTED**. Each Defendant shall respond fully and completely and in conformity with the Federal Rules of Civil Procedure to each Interrogatory and Request for Production of Documents in issue by virtue of Plaintiff's Motions to Compel by Monday, September 7, 2009.

Having granted Plaintiff's Motions to Compel and Plaintiff having requested an award of costs incurred in conjunction with his first Motion to Compel (Document No. 41.), the Court **ORDERS** Plaintiff's counsel, if she wishes to proceed upon her request, to file an itemized statement of the costs and fees incurred in preparing the first Motion to Compel and replying to Defendants' Response by Friday, August 21, 2009.

22

The Court further **ORDERS** that if Plaintiff's counsel proceeds upon her request, Defendants' counsel shall have until Monday, September 7, 2009, to file a Memorandum explaining how Defendants' responses to Plaintiff's discovery requests were substantially justified and/or an award of costs including attorney's fees would be unjust. The Court will regard the failure of counsel to file their respective documents by the prescribed dates their forbearance and/or assent as the case may be.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the rulings set forth above may be contested by filing, within 10 days, objections to this Order with United States District Judge Thomas E. Johnston. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER: August 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge

*Plaintiff's Counsel:*
Karen B. Kostol
Suite 405, United National Bank Building
129 Main Street
Beckley, West Virginia, 25801
(304) 253-4529

*Defendants' Counsel:*
A. Patricia Diulus-Myers
Mark Goldner
JACKSON LEWIS LLP
1225 Market Street
Wheeling, West Virginia 26003
(304) 230-1461