## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| ISRAEL MILLS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:08-0260** |
| | ) | |
| EAST GULF COAL PREPARATION | ) | |
| COMPANY, LLC, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff complains that Defendants violated his rights under the United Services Employment and Reemployment Rights Act of 1994 [USERRA], 38 U.S.C. §§ 4311 and 4323. Defendants deny Plaintiff's allegations and assert in defense, among other things, that they acted on the basis of reasonable, legitimate and non-discriminatory considerations with respect to Plaintiff's employment. While in the discovery phase, the parties filed Motions to Compel, and by Memorandum Opinion and Order, the Court granted two of Plaintiff's Motions with some limitation upon the information which Plaintiff was attempting to discover and denied Defendants' Motion. (Document No. 67.)[1] Pending are Plaintiff's requests for attorney's fees incurred in moving to compel Defendants to answer and respond to his written discovery. Having considered the record including Plaintiff's fee requests (Document Nos. 71 and 92.), Defendants' Objections (Document No. 97.) and Plaintiff's Reply (Document No. 98.) and applicable law, the Court hereby grants Plaintiff's Motion for Fees and Costs (Document No. 68.) and fee requests (Document Nos. 71 and 92.) and awards Plaintiff attorney's fees in the amount of $ 6,120.

---

[1] The Memorandum Opinion and Order is published. *Mills v. East Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118 (S.D.W.Va. 2009).

## THE MOTIONS TO COMPEL AND FEE REQUESTS

On March 6, 2009, Plaintiff filed a Motion to Compel answers and responses to his First Set of Interrogatories and Request for Production of Documents [Plaintiff's First Motion to Compel]. (Document No. 41.) In this sixteen page document, Plaintiff recites certain of his First Set of Interrogatories and Request for Production of Documents and Defendants' answers and responses and argues that Defendants' answers and responses are deficient. Defendants filed an eleven page Response on March 23, 2009. (Document No. 51.) Plaintiff filed a fifteen page Reply to Defendants' Opposition to his Motion to Compel on April 1, 2009. (Document No. 54.) On March 16, 2009, Plaintiff filed a Motion to Compel Defendants' Answers and Responses to his Second Set of Interrogatories and Third Request for Production of Documents [Plaintiff's second Motion to Compel]. (Document No. 44.) In this twenty-four page document, Plaintiff recites certain of his Second Set of Interrogatories and Third Request for Production of Documents and Defendants' answers and responses and argues that Defendants' answers and responses are deficient. Defendants filed a ten page Response to Plaintiff's Second Motion to Compel Discovery on April 6, 2009. (Document No. 56.) Plaintiff filed a fifteen page Reply to Defendants' Response on April 14, 2009. (Document No. 57.) Plaintiff requested an award of costs and fees incurred in seeking to compel Defendants' responses to his First Set of Interrogatories and Requests for Production of Documents. Plaintiff did not request an award of costs and fees incurred in seeking to compel Defendants' responses to his Second Set of Interrogatories and Third Request for Production of Documents.

On August 4, 2009, the Court filed a Memorandum Opinion and Order granting Plaintiff's Motions to Compel and stating as follows (Document No. 67.):

> Having granted Plaintiff's Motions to Compel and Plaintiff having requested an award of costs incurred in conjunction with his first Motion to Compel (Document No. 41.), the Court **ORDERS** Plaintiff's counsel, if she wishes to proceed upon her request, to file an itemized statement of the costs and fees incurred in preparing the

2

first Motion to Compel and replying to Defendants' Response by Friday, August 18, 2009. The Court further **ORDERS** that if Plaintiff's counsel proceeds upon her request, Defendants' counsel shall have until Monday, September 7, 2009, to file a Memorandum explaining how Defendants' responses to Plaintiff's discovery requests were substantially justified and/or an award of costs including attorney's fees would be unjust. The Court will regard the failure of counsel to file their respective documents by the prescribed dates their forbearance and/or assent as the case may be.

On August 18, 2009, Plaintiff filed a Motion for Fees and Costs. (Document No. 68.) Plaintiff requested that the Court award his fees and costs with respect to both of his Motions to Compel asserting that "[i]f a motion to compel discovery is granted, the Rules of Civil Procedure say that the Court 'must' award 'movant's reasonable expenses incurred in making the motion, including attorney's fees' unless one of the conditions set forth in Rule 37(a)(5)(A) exists." On August 21, 2009, Plaintiff filed a Motion for Extension of Time to file a Statement of Fees and Costs requesting a fifteen day extension. (Document No. 69.) On August 24, 2009, the Court granted Plaintiff's Motion for Extension of Time. (Document No. 70.) On September 4, 2009, Plaintiff filed a Statement of Fees and Costs [Plaintiff's first fee request]. (Document No. 71.) The Statement includes the Affidavits of Plaintiff's counsel, Ms. Karen Kostol and Mr. John McFerrin, indicating that they respectively devoted 12 and 27.6 hours of time to preparing Plaintiff's Motion to Compel and Reply to Defendants' response and requesting payment at $225 per hour for a total of $8,910. Attorney Kostol indicates that she devoted 3.5 hours to "Preparation Motion to Compel" and 8.5 hours to "Preparation-Reply Motion to Compel". Attorney McFerrin indicates that he devoted 12.3 hours to "Prepare Motion to Compel", 4.2 hours to "Research on Reply to Response to Motion to Compel" and 11.1 hours to "Reply to Response to Motion to Compel". The Statement also includes the Affidavits of attorneys Kathryn Reed Bayless and William D. Turner stating that the hourly rate which attorneys typically charge in cases such as this is between $200 and $300. Defendants did not file a response to Plaintiff's Motion for Fees and Costs by September 7, 2009, as the Court's

3

Memorandum Opinion and Order required or request an extension of time within which to do so.

On January 11, 2010, the Court, noting that after allowing Plaintiff an extension of time to file his first fee request, it had not set a further date for Defendants to submit a response, allowed Defendants until January 25, 2010, to do so stating that "[i]f Defendants' counsel do not file a Memorandum as aforesaid by January 25, 2010, the Court will regard Plaintiff's Motion uncontested." (Document No. 87.) Again, Defendants did not file a response to Plaintiff's first fee request within the time allotted by the Court. On February 12, 2010, Plaintiff filed his Statement of Fees and Costs incurred in preparing his second Motion to Compel and his Reply to Defendants' Response including Affidavits of Ms. Kostol and Mr. McFerrin indicating that they devoted 12.2 and 29.8 hours of time to preparing the documents and requesting payment at $225 per hour for a total of $9,450 [Plaintiff's second fee request]. (Document No. 92.) Attorney Kostol indicates that she devoted 10.7 hours to "Prepare Motion to Compel Plaintiff's Second Interrogatories and 3rd Request for Production of documents and 1.5 hours to "Prepare reply to Defendants' Response to Plaintiff's Motion to Compel Second Interrogatories and Third Request for Production". Attorney McFerrin indicates that he devoted 3.3 hours to "Research second motion to compel", 10.7 hours to "Draft second motion to compel", 5 hours to "Research reply to response to second motion to compel", 4.5 hours to "Research response to second motion to compel" and 6.6 hours to "Research/write second motion to compel".

On February 26, 2010, Defendants filed Objections to Plaintiff's Statement of Fees and Costs Incurred in Preparing his Second Motion to Compel and Reply to Defendants' Response to his Second Motion to Compel. (Document No. 97.) Defendants concede that they "did not object to [Plaintiff's] requesting attorneys' fees for his First Motion to Compel and First Reply." (Id., p. 2.)

They state, however, that they "did not concede that the fees sought by [Plaintiff] were reasonable . . .."(Id.) Defendants object to Plaintiff's fee requests asserting that Plaintiff has not provided sufficient documentation in support of his second fee request; his second fee request is exorbitant; and the Court should consider Plaintiff's first fee request as inadequate for the same reasons. Specifically, Defendants assert that Plaintiff has submitted no billing records and provides only summary descriptions of the work they did which "are not reliable evidence of the hours allegedly spent . . .." (Id., p. 5.) Defendants further assert that the second Motion to Compel "is merely restatement of the discovery requests and responses in dispute . . .." (Id., p. 6.) Defendants also claim that "[t]he discovery issues presented . . . are not novel or complex." (Id.) Defendants challenge attorney McFerrin's charge of 3.3 hours for conducting legal research in preparing the second Motion to Compel stating that "[b]ecause the Second Motion to Compel contains no legal authority, either no legal research was conducted or legal research was not necessary for its preparation." (Id.) Defendants request that the Court deny Plaintiff's second fee request and reduce the amount of fees which he is seeking in his first fee request "by at least one-half." (Id., p. 3.)

On March 8, 2010, Plaintiff filed a Reply to Defendants' Objections. (Document No. 98.) Plaintiff contends that Defendants' objection to his first fee request is untimely and their objection to his second fee request lacks merit. Specifically, Plaintiff asserts that by failing to respond to his first fee request within the time set by the Court, Defendants "waived any objection to those fees." (Id., p.2.) Plaintiff further contends that his attorneys' descriptions of the work which they performed is adequate and the time which they expended is reasonable. In response to Defendants' challenge to Attorney McFerrin's charge for research, Plaintiff states that "Defendants assume incorrectly that all 'research' is legal research. Some, although not all, of the research listed in the

affidavits was document review, not legal research. Since Defendants obviously assumed otherwise, Plaintiff apologizes for the confusion." (Id., p. 6.)

## **DISCUSSION**

The basic framework for processing fee requests when a motion to compel has been granted is set forth in Federal Rule of Civil Procedure Rule 37(a)(5)(A). The Court

> must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)   other circumstances make an award unjust.

The movant has the burden of establishing the reasonableness of the requested fees. Thus, in submitting a fee request, the movant is required to use "billing judgment" by submitting information sufficient for the Court to determine that the time charged was reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 - 1940, 76 L. Ed.2d 40 (1983)("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.") "The fee request should, at a minimum, (1) provide dates work was performed, (2) a reasonable, specific description of the work, and (3) time expended on the work." Central Cab Company, Inc., v. Cline, 972 F.Supp. 370, 374 (S.D.W.Va. 1997)(Chief Judge Haden). Counsel is expected "to describe specifically the tasks performed . . .." Rum Creek Coal Sales, Inc., v. Caperton, 31 F.3d 169, 180 (4th Cir. 1994). Simply stating "research" will not suffice. Id. "Generalized billing by multiple attorneys on a large

case often produces unacceptable duplication." Id.

The Court acts in its supervisory capacity in considering fee requests, and its objective is therefore to determine independently what, if any, amount might reasonably be awarded. In ruling upon a fee petition, the Court is required to consider and make specific findings based upon the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation respecting the payment of fees at the outset of the litigation (whether fixed or contingent); (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fee awards in similar cases. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Bostic v. American General Finance, Inc., 87 F.Supp.2d 611, 614 (S.D.W.Va. 2000) (Chief Judge Haden); Central Cab Company, Inc., v. Cline, 972 F.Supp. 370 at 373; Allen v. Monsanto Company, 2007 WL 1859046 at *2 (S.D.W.Va.)(District Judge Chambers); Rutherford Controls Int'l Corp. v. Alarm Controls Corporation, 2009 WL 4015357 (E.D. Va.)(applying the factors in determining reasonable attorney's fees under Rule 37(a)(5)(A).). "[T]he Court must exclude any hours that are excessive, redundant, or otherwise unnecessary. * * * The Court may pore through the submitted records and subtract item by item those hours believed to be excessive. * * * Alternatively, the Court may reduce the fee award by a percentage 'as a practical means of trimming fat from a fee application'" Allen v. Monsanto Company, 2007 WL 1859046 at *2 (Citations omitted). If the description of the work

performed provides "no principled basis upon which to impose fees", the Court may deny the fee petition "without prejudice, pending a resubmission in accordance with District precedent." Central Cab Company, Inc., v. Cline, 972 F.Supp. 370 at 374 (Fee request denied without prejudice in view of conclusory statement that "14.5 hours of time were expended 'in preparing documents, drafting letters and performing other services . . ..'").

In conformity with Rule 37(a)(5)(A), the Court will consider both of Plaintiff's fee requests though Plaintiff did not request an award of attorney's fees in his second Motion to Compel and did so nevertheless in his Motion for Fees and Costs (Document No. 68.). The Court will also consider Defendants' objections as running to both of Plaintiff's fee requests though as to Plaintiff's first fee request, Defendants did not submit them within the time periods which the Court prescribed.[2]

Defendants do not contend under Rule 37(a)(5)(A) that Plaintiff did not first attempt to obtain their responses to written discovery before filing his Motions to Compel, that their nondisclosures, responses or objections were substantially justified or that other circumstances make an award of expenses herein unjust. An award of expenses including attorney's fees is therefore appropriate in view of the standards established by this Court and the factors which the Fourth Circuit adopted in Barber.

Considering the first of those factors, the time and labor expended, following is a chart indicating Plaintiff's attorneys' descriptions of the work which they performed and the time they expended in doing it in preparing Plaintiffs Motions to Compel and Replying to Defendants' Responses:

---

[2] The Court does so understanding that in any event and notwithstanding the dereliction of counsel it is obligated to determine independently what might be reasonably assessed as fees.

8

Hours Charged and Description of Work

| Document filed: | Date | Attorney Kostol | Attorney McFerrin |
|---|---|---|---|
| | March 3 | 1.5 Preparation Motion to Compel | 3.3 Prepare Motion to Compel |
| | March 4 | | 2.8 Prepare Motion to Compel |
| | March 5 | 1.0 Preparation Motion to Compel | 2.7 Prepare Motion to Compel |
| First Motion to Compel | March 6 | 1.0 Preparation Motion to Compel | 3.5 Prepare Motion to Compel |
| | March 7 | | |
| | March 8 | | |
| | March 9 | | 3.3 Research second motion to compel |
| | March 10 | 2.5 Prepare Motion to Compel Plaintiff's Second Interrogatories and 3rd Request for Production of Documents | 1.4 Draft second motion to compel |
| | March 11 | | |
| | March 12 | | |
| | March 13 | 2.7 Prepare Motion to Compel Plaintiff's Second Interrogatories and 3rd Request for Production of Documents | |
| | March 14 | | 2.8 Draft second motion to compel 2.0 Draft second motion to compel |

| | | | |
|---|---|---|---|
| | March 15 | 3.0 Prepare Motion to Compel Plaintiff's Second Interrogatories and 3rd Request for Production of Documents | |
| Second Motion to Compel | March 16 | 2.5 Prepare Motion to Compel Plaintiff's Second Interrogatories and 3rd Request for Production of Documents | 4.5 Draft second motion to compel |
| | March 17 | | |
| | March 18 | | |
| | March 19 | | |
| | March 20 | | |
| | March 21 | | |
| | March 22 | | |
| Defendants' Response to First Motion to Compel | March 23 | | |
| | March 24 | | |
| | March 25 | | 1.8 Research on Reply to Response to Motion to Compel |
| | March 26 | | 2.4 Research to Reply to Response to Motion to Compel |
| | March 27 | | 2.8 Reply to Response to Motion to Compel |
| | March 28 | | |
| | March 29 | | |
| | March 30 | 3.5 Preparation - Reply Motion to Compel | 3.8 Reply to Response to Motion to Compel |

|  | March 31 | 3.5 Preparation - Reply Motion to Compel |  |
|---|---|---|---|
| Plaintiff's Reply to Defendant's First Response | April 1 | 1.5 Preparation - Reply Motion to Compel | 4.5 Reply to Response to Motion to Compel |
|  | April 2 |  |  |
|  | April 3 |  |  |
|  | April 4 |  |  |
|  | April 5 |  |  |
| Defendants' Response to Second Motion to Compel | April 6 |  |  |
|  | April 7 |  |  |
|  | April 8 |  |  |
|  | April 9 |  |  |
|  | April 10 |  |  |
|  | April 11 |  | 5.0 Research reply to response to second motion to compel |
|  | April 12 |  |  |
|  | April 13 |  | 4.5 Research response to second motion to compel |
| Plaintiff's Reply to Defendants' Second Response | April 14 | 1.5 Prepare reply to Defendants' Response to Plaintiff's Motion to Compel Second Interrogatories and Third Request for Production | 6.3 Research/write second motion to compel |

Plaintiff's attorneys therefore devoted a total of 15.8 hours to preparing his first Motion to Compel,

24.7 hours to preparing his second Motion to Compel, 23.8 hours to preparing his Reply to

Defendants' Response to his first Motion to Compel and 17.3 hours to preparing his Reply to

Defendants' Response to his second Motion to Compel. On nine days, both of Plaintiff's attorneys worked on preparing the documents.

Considering the second, third and ninth factors (the novelty and difficulty of the questions raised, the skill required to perform the legal services rendered and the experience, reputation and ability of the attorneys), the Court finds that the issues presented by Defendants' discovery responses were not novel or difficult. Rather, they were easily discernible from Defendants' responses to Plaintiff's discovery requests themselves, especially the interrogatories, and among the issues most commonly raised in discovery disputes deriving from boilerplate objections and incomplete and insufficient answers to discovery requests. The law applicable to these issues is well established in this and other Districts in the Fourth Circuit. Basic knowledge of the context and scope of this litigation and the parameters of  discovery was required as Plaintiff's attorneys considered Defendants' answers to interrogatories and documents provided in response to requests for production. Sorting through the documents which the Defendants provided in assessing whether or not they responded fully to Plaintiff's requests for production of documents was likely the most time consuming part of the process. But very little, if any, legal research and particular skill as an attorney was required in the actual preparation of the documents compelling Defendants to respond and replying to Defendants' responses. The documents themselves bear this out. Plaintiff's Motions to Compel contain the verbatim recital of the interrogatories and requests for production which Defendants failed to answer and Defendants' answers and responses which was no doubt accomplished quickly by computer. They also contain Plaintiff's assertions respecting the "manner in which the Defendants' response is deficient" without any citation to the Rules of discovery or decisions construing and applying them. In his Reply to Defendants' Opposition to his Response to

12

his first Motion to Compel (Document No. 54.), Plaintiff addresses the issues which Defendants raised respecting the timeliness of his Motion to Compel, the relevancy of information and documents requested and not produced and the sufficiency of Defendants' answers and responses by argument, reference to basic Rules of discovery and citation to a Third Circuit case. In his Reply to Defendants' Response to his Second Motion to Compel (Document No. 57.), Plaintiff addresses similar issues citing a number of Rules and cases. The Court notes that portions of the second Reply are exactly the same as the first. For example compare Document No. 54, pp. 5 - 6 beginning with "the Defendants' assertion is wrong . . .", with Document No. 57, pp. 6 - 7; Document No. 54, pp. 10 - 11 beginning with "[t]hese are the relevant dates . . .", with Document No. 57, pp. 11 - 12; and Document No. 54, pp. 12 - 13 beginning with "[t]he Defendants do not cite any authority . . .", with Document No. 57, pp. 4 - 5. Plaintiff's attorneys, having many years of experience, were capable of performing the work quickly and efficiently. Considering the fifth factor, the customary fee for like work, the Court finds that $225 per hour is reasonable in view of Plaintiff's attorneys' reputations, experience and ability and the Affidavits of attorneys Bayless and Turner. See Bostic v. American General Finance, Inc., 87 F. Supp.2d at 618. Defendants do not contend otherwise.[3] Considering the sixth factor, Plaintiff's attorneys' fee expectation, this is a fee shifting case. See 38 U.S.C. § 4323(d). The Court expects therefore that Plaintiff's attorneys are keeping accurate records of their expenses, including the time which they are expending on this matter, intending to use them if and when they settle this matter or try it successfully. The Court will assume that their records are replicated in their Affidavits stating the time they expended in preparing Plaintiff's Motions to

---

[3] The Court views $225 per hour at the high end of reasonable in the Beckley legal community. In *Carden v. Wal-Mart Stores, Inc.*, 2009 WL2915075 (S.D.W.Va.), having granted Plaintiff's Motion to Remand, the Court awarded attorney's fees at a rate of $150 per hour.

13

Compel and Replies.

The Court finds that Plaintiff's attorneys' statements do not contain "reasonable, specific description[s] of the work" performed. Just as it does not suffice to state "research", it is not enough to state "prepare" or "preparation" of a document, especially when two attorneys indicate that they have done so on the same day. Under these circumstances, the Court expects as it is a matter of "billing judgment" that each attorney will provide a narrative description of the work which he or she performed indicating no duplication. Having no specific description of what each attorney did, the Court cannot determine whether there has been an "unacceptable duplication" of work. The Court notes that Plaintiff's counsel acknowledge that their descriptions have generated some confusion as they evidently called the examination of documents "research". See Document No. 98, p. 6. Duplication of work clearly appears in the record as noted above as portions of Plaintiff's first and second Reply are the same. These circumstances make the reasonableness of the requested fees doubtful. The Court cannot assess Plaintiff's fee requests on an item by item basis because Plaintiff has not submitted information specific enough for the Court to determine that the time charged was reasonably expended. The Court is disinclined to deny Plaintiff's fee requests without prejudice with leave to resubmit them in conformity with the applicable standards because Plaintiff's attorneys will likely not be able to develop accurate and specific narratives explaining the work which they performed given the passage of time since they did it. The Court will therefore resort to reducing their fee requests by a percentage based upon the foregoing considerations. The Court will reduce Plaintiff's fee requests by 66 2/3 % and award Plaintiff $6,120 which compensates his attorneys for 27.2 hours of the 81.6 hours charged at $225 per hour. Because it is not evident that Defendants are responsible for the noncompliance with the Rules which required Plaintiff to file his Motions to

Compel and the noncompliance – boilerplate objections and incomplete and insufficient answers to discovery requests – is most reasonably attributable to counsel, the Court will order Defendants' attorneys in this matter to pay the amount.

It is therefore hereby **ORDERED** that Plaintiff's Motion for Fees and Costs (Document No. 68.) and fee requests (Document Nos. 71 and 92.) are **GRANTED**. Defendants' attorneys shall pay $6,120 to Plaintiff's attorney of record, Ms. Kostol, within 30 days of the entry of this Memorandum Opinion and Order.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the rulings set forth above may be contested by filing, within 14 days, objections to this Order with United States District Judge Irene C. Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER: March 18, 2010.

R. Clarke VanDervort
United States Magistrate Judge

15