IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| ISRAEL MILLS,        ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.        ) | Civil Action No. 5:08-0260 |
| ) | |
| EAST GULF COAL PREPARATION  ) | |
| COMPANY, LLC, *et al.*,   ) | |
| ) | |
| Defendants.     ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's Motion for Reinstatement of this matter to the District Court's active docket for the District Court's consideration of Plaintiff's objections of the undersigned's March 18, 2010, award of attorney's fees to Plaintiff. (Document No. 179.) Having considered the positions of the parties and applicable law, the undersigned has determine, and hereby respectfully recommends, that Plaintiff's Motion should be denied.

**PROCEDURAL HISTORY AND THE PARTIES' POSITIONS**

By Memorandum Opinion and Order filed on August 4, 2009 (Document No. 67.), the Court denied Defendants' Motion to Compel Discovery (Document No. 39.) and granted Plaintiff's Motions to Compel Discovery (Document No. 41.) and to Compel Answers and Responses to Plaintiff's Second Set of Interrogatories and Third Requests for Production of Documents (Document No. 44.). The Court allowed Plaintiff's counsel to file an itemized statement of the costs and fees incurred in preparing the Motions to Compel and replying to Defendants' Responses, and Plaintiff's counsel did so requesting payment in the total amount of $18,360 for preparing Plaintiff's Motions to Compel and replying to Defendants' responses. (Document Nos. 68, 71 and 92.)By Memorandum Opinion and Order filed on March 18, 2010, the Court granted Plaintiff's counsel's fee requests

requiring that "Defendants' attorneys shall pay $6,120 to Plaintiff's attorney of record, Ms. Kostol, within 30 days of the entry of this Memorandum Opinion and Order." (Document No. 105.) On April 1, 2010, Plaintiff filed Objections to the Court's March 18, 2010, Memorandum Opinion and Order. (Document No. 108.) On April 8, 2010, Defendants filed a Response to Plaintiff's Objections requesting a stay of the Court's requirement of payment within thirty days after the entry of the March 18, 2010, Memorandum Opinion and Order. (Document No. 112.) By Order filed on April 16, 2010, the District Court granted Defendants' request that the requirement of payment be stayed. (Document No. 114.) Through June, 2010, the parties prepared for trial, and the District Court ruled upon dispositive issues. At a Final Settlement Conference on June 28, 2010, the parties notified the District Court that they had settled this matter with Plaintiff to receive money in exchange for his release of all claims and other terms and conditions.[1] The District Court entered an Order of Dismissal on August 4, 2010, dismissing this matter with prejudice and providing that "this civil action may be reinstated only upon written motion of one of the parties alleging good cause for such reinstatement and filed within thirty (30) days of the entry of this Order." (Document No. 178.)

On August 16, 2010, Plaintiff filed the pending Motion for Reinstatement indicating that the matter respecting attorney's fees was not resolved in the settlement. (Document No. 179.) Plaintiff

---

[1] Plaintiff's counsel, Ms. Kostol, advised the District Court that Plaintiff had filed bankruptcy and his bankruptcy proceedings were stayed. It appears from the transcript of the settlement discussions that Plaintiff and his attorney discussed the settlement with Plaintiff's bankruptcy attorney who spoke with the Bankruptcy Trustee and Plaintiff accepted the settlement knowing that most of the money which he agreed to accept in settlement would be paid to his creditors in bankruptcy. (Transcript, at 39 - 40.) The Bankruptcy Trustee advised that it would take some period of time to process the settlement through the Bankruptcy Court. (*Id.*, pp. 41 - 42.) The District Court requested that the parties submit an agreed order of dismissal "[a]t the appropriate time." As matters were evidently pending in the Bankruptcy Court for several months, the parties did not submit an agreed order to the District Court, and the District Court entered an Order of Dismissal. (Document No. 178.)

states as follows:

> 3. It is true that the parties to this action have settled the disputes between themselves. The negotiations that led to the settlement were directed at resolving disputes between the parties. Those negotiations did not address the fees awarded in pursuing the two Motions to Compel.
>
> 4. The attorney fees discussed above were to be paid by the attorneys for the Defendants, not the Defendants themselves, and were never part of those negotiations.
>
> 5. As a result, the Plaintiff's Objections to the Memorandum Opinion and Order were not made moot by the settlement. Neither have they been ruled upon.

Plaintiff requests that the Court reinstate this matter, rule upon his objections, and award the attorney's fees. On August 23, 2010, Defendants filed a Response to Plaintiff's Motion for Reinstatement asserting that good cause does not exist for reinstating this matter. (Document No. 180.) Defendants state that the parties were involved in settlement negotiations for most of the day on June 28, 2010, and had four status "sessions" with the District Court. In the last "session", the parties placed the terms of their settlement on the record. Defendants state that during the settlement negotiations and "sessions" with the District Court, Plaintiff did not raise or discuss his objections to the Memorandum Opinion and Order and the issue of attorney's fees. Defendants state that in settling this matter Plaintiff agreed to release all pending claims against Defendants and their attorneys.[2] Defendants urge therefore that "Plaintiff and Defendants reached a settlement of all claims

---

[2] Defendants quote from Plaintiff's release as follows:

[Plaintiff] knowingly and voluntarily releases and forever discharges East Gulf Preparation Company LLC, Pocahontas Coal Company LLC, and United Coal Company LLC, their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of

3

between the Parties and all issues that were pending before this Court when settlement was reached, including Plaintiff's Objections to Magistrate Order. No good cause exists for reinstating the instant case and Plaintiff's Motion for Reinstatement should be denied." On August 30, 2010, Plaintiff filed a Reply to Defendants' Response. (Document No. 181.) Plaintiff appears to argue that because the undersigned's Memorandum Opinion and Order required Defendants' attorneys to pay the attorney's fees, "the fees are not, and never have been a matter between the parties." Plaintiff states that "[i]f this is true, as Defendant apparently agrees, then the fees could not have been part of the settlement. At the time of the negotiations that led to the settlement the fees were not an obligation of any party to the negotiations. The parties could not possibly have agreed to settle an obligation that would only arise, if ever, in the future and then only if the Court overruled the Magistrate." Neither party cites any legal authority for their positions. On October 4, 2010, the District Court referred Plaintiff's Motion for Reinstatement to the undersigned for disposition. (Document No. 182.) By Order filed on October 18, 2010, the undersigned scheduled a hearing upon Plaintiff's Motion for Reinstatement on November 2, 2010. (Document No. 183.) The undersigned wrote in the Order that "[t]he Court expects that (1) there will be discussion respecting the terms of Plaintiff's retention of his attorneys (whether on an hourly, contingency or some other basis), (2) Plaintiff and Defendants will disclose the terms of their settlement and release agreement to the extent that they are relevant, (3) Plaintiff will specify under what authority he is seeking reinstatement of this matter (whether under Federal Rule of Civil Procedure 60(b) or case law) and (4) Plaintiff and Defendants will cite case law supporting their positions." On November 2, 2010, Plaintiff provided his Submission of Authority

---

this Agreement as 'Releasees'), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees as of the date of execution of this Agreement and General Release . . ..

Pursuant to Order. (Document No. 185.) In his Submission of Authority Pursuant to Order, Plaintiff asserted that the District Court did not follow Local Rule of Civil Procedure 41.1 in dismissing the case. Local Rule of Civil Procedure 41.1 states as follows:

> When it appears in any pending civil action that the principle issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

The District Court's Dismissal Order, Plaintiff urges, dismissed this case allowing the parties thirty days after its dismissal to move for reinstatement whereas Local Rule 41.1 anticipated that the District Court would give notice that the case would be dismissed allowing the parties thirty days to move for its retention. Plaintiff states that he "is forced to proceed pursuant to Rule 60(b) because that is the mechanism that the Rules of Civil Procedure provides for correcting mistakes." Plaintiff further states that "[h]ad the Court applied Local Rule 41.1 correctly, it would have issues an order and then left the matter on the docket for thirty days while the parties had an opportunity to show cause for its retention on the docket. Rule 60 would never have become relevant." Plaintiff further states that though he and the Defendants reached a settlement, the undersigned's August 18, 2010, Order required Defendants' attorneys to pay Plaintiff's attorney's fees, not the Defendants, and the parties' settlement does not foreclose the obligation of Defendants' attorneys to pay Plaintiff's attorney's fees. On November 2, 2010, the undersigned held the hearing upon Plaintiff's Motion to Reinstate as scheduled. Ms. Kostol advised that she represented Plaintiff under a contingency fee agreement which contained no specific provision respecting an award of attorney's fees while the

5

litigation was pending. She would therefore be inclined to regard the payment of attorney's fees as the payment of the money in settlement with two thirds to be paid to Plaintiff and the remaining third to her. (Transcript, pp. 4 - 5 and 8 - 9.) Ms. Kostol also advised that she raised the issue of the payment of attorney's fees by letter to Defendants' attorneys within a month after the settlement conference and before the District Court entered its Order of Dismissal. (Id., pp. 14 - 15.) It was further evident that proceedings in the Bankruptcy Court were not concluded and so settlement documents had not been finalized at the time of the November 2, 2010, hearing. (Id., pp. 11 - 12.) There was no dispute though that this case had settled.

## **DISCUSSION**

The District Court's Order of Dismissal of this case with prejudice constituted a final judgment on the merits. Jacobs v. Venali, Inc., 596 F.Supp.2d 906, 914 (D.Md. 2009)("It is well established that dismissals with prejudice – including those resulting from settlement agreements and consent decrees – are treated as final judgments on the merits for purposes of res judicata.") Such an Order generally terminates ongoing issues and disputes arising out of discovery and renders the case in which it is entered closed unless there are grounds for reopening it under Federal Rule of Civil Procedure 60(b). "[B]efore a party may seek relief under Rule 60(b), a party must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.' Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). After a party has crossed this initial threshold, he must then satisfy one of the six specific sections of Rule 60(b)." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

Plaintiff urges that grounds for reopening this case exist under Rule 60(b)(1) because the District Court mistakenly did not follow Local Rule 41.1 in entering its Order of Dismissal. Federal

6

Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" "[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). "Rule 60(b)(1) relief is not available to a party who simply misunderstands the consequences of his deliberate acts." Cashner, 98 F.3d at 577. This concept appears to derive from the longstanding principle of finality of judgments and applies as well when mutual mistake is asserted as grounds for reopening a final order under Rule 60(b)(6). See Schwartz v. United States, 976 F.2d 213, 218 (4th Cir. 1992), quoting Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 211 - 212, 95 L.Ed. 207 (1950)("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.")

     Plaintiff has not met the threshold requirements for Rule 60(b) consideration and has not indicated any circumstance under Rule 60(b) which would justify reopening this matter, and in any event, it would be inconsequential to reopen this matter as the result would be the same. First, exceptional circumstances are not evident in the parties' failure to discuss Plaintiff's objections to the undersigned's attorney's fee award during settlement negotiations or bring them to the District Court's attention as it presided over the discussions. The attorneys must certainly have known that the issue was pending and could have raise it and nevertheless proceeded to reach a full and final agreement to settle the matter without consideration for it. Second, Plaintiff's stated basis for

reopening this matter under Rule 60(b)(1) is unsound. The language of Local of Civil Procedure Rule 41.1 is permissive stating that "the judicial officer *may* give notice" and "the judicial officer *may* dismiss the action" (Emphasis added.) and therefore imposes no requirement upon the District Court in entering final orders. Thus, it cannot be said that the District Court made any mistake in entering its August 4, 2010, Order of Dismissal. There is further no other discernible basis for reopening this case under Rule 60(b). While it might be claimed that Plaintiff's counsel inadvertently neglected to raise the issue in settlement discussions with Defendants' counsel or call the District Court's attention to Plaintiff's objections to the undersigned's Rule 37(b) award of attorney's fees as the parties were engaged in the Court supervised settlement negotiations, inadvertent neglect is not excusable such that relief may be had under Rule 60(b)(1). The Court concludes therefore that Plaintiff is not entitled to relief under Rule 60 (b)(1). Finally, even if this matter were reopened and Defendants' attorneys were required to pay the amount of the attorney's fee award, the amount of the payment would not be in addition to the amount of the settlement but rather would offset the amount of the settlement as that amount is fixed and final. When an attorney represents a plaintiff pursuant to a contingency fee agreement with no specific provision respecting the disbursement of an award in the course of litigation of attorney's fees pursuant to Rule 37(b), the plaintiff is the proper recipient of such an award and the amount of the award is credited against the amount to which the plaintiff is finally determined to be due.  See Hamilton v. Ford Motor Company, 636 F.2d 745, 748 - 750 (D.C. Cir. 1980). Reopening this matter would therefore be inconsequential. Accordingly, good cause does not exist for reopening this matter, and Plaintiff's Motion for Reinstatement should be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Reinstatement (Document No. 179.).

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 22, 2011.

R. Clarke VanDervort
United States Magistrate Judge

9